Charles T. **ADAMS, Jr., Individually and as Next Friend of Charles T. Adams III**

v.

The **ASSOCIATED PRESS.**

Adolph **THOMAE, Jr., as Next Friend of Patricia Eileen Thomae**

v.

The **ASSOCIATED PRESS.**

**Civ. A. Nos. 68–B–121, 68–B–122.**

United States District Court
S. D. Texas,
Brownsville Division.

March 13, 1969.

Hester & Toscano, Darrell B. Hester, Harlingen, Tex., and Colvin & Yudesis, San Benito, Tex., for plaintiffs.

Kelley, Looney, McLean & Littleton, Edinburg, Tex., and Johnson & Davis, Richard D. Davis, Harlingen, Tex., for the witness Lee Harr.

Ewers, Toothaker, Ewers, Abbott & Evins, James C. Abbott, McAllen, Tex., and Royall, Koegel & Wells, New York City, for defendant, The Associated Press.

## MEMORANDUM AND ORDER

GARZA, District Judge.

The Court has before it a motion by the Plaintiffs in the above entitled and numbered causes to compel the witness Lee Harr to answer an oral interrogatory propounded to him during the course of his examination upon the taking of his deposition, which he has refused to answer.

The Plaintiffs have sued as next friends of their son and daughter, respectively, for false and groundless accusations and defamation of character.

Charles T. Adams, Jr., is the Mayor of the City of San Benito, and his son, Charles T. Adams, III, was a student attending the San Benito, Texas, High School.

Adolph Thomae, Jr., is the duly elected County Commissioner of Cameron County, Texas, from the San Benito Precinct, and his daughter, Patricia Eileen Thomae, was also a student at the San Benito, Texas, High School.

They are suing The Associated Press in this Court and the Harbenito Broadcasting Company which operates KGBT Radio and Television in Harlingen, Texas, in the State Court.

During the month of November, 1968, the school authorities of the San Benito Public Schools were conducting an investigation into the use of marihuana and other drugs by some of their students.

On November 19th, Lee Harr, the witness sought to be compelled to testify in

the present motion and who is news director for KGBT Radio and Television, prepared a news article in which he said that a source close to the School Administration had said that fifty-one students had been expelled from the San Benito Schools for using marihuana and drugs. He also said that the source had told him that the City Police of San Benito had not been called in on the investigation by the school officials because a son of one high city official was involved, and that another reportedly involved was the daughter of an elected county official.

Sometime that afternoon Gary Garrison, a reporter for The Associated Press, who has his office in the same building with KGBT–TV, was looking through the news desk of KGBT and got a copy of the report prepared by Mr. Harr. He then prepared an AP news release which he sent to his Dallas office. He expanded the news release, but quoted that KGBT–TV had been informed by a source close to the School Administration that, among other things, the son of a high city official and the daughter of an elected county official had been expelled for the remainder of the school year for smoking marihuana.

When he sent his news release to the Dallas office, he asked that it not be released until after 6:00 o'clock because he wanted to make sure that KGBT–TV did use the article.

Shortly thereafter he found out that the word "elected" from the "county official" would be deleted from the news cast, and he advised the Dallas office of this change. He later also asked that the word "high" be deleted before the "city official"; and the story was finally killed by Associated Press, but not until after it had been broadcast by some of the news media who are members of The Associated Press.

During the taking of the deposition of Mr. Harr, he refused to answer who his source he said was close to the School Administration in San Benito was, on the grounds that he had to protect his source. The Plaintiffs discontinued the taking of the deposition and advised the witness Harr that they would appear in this Court to compel him to answer under Rule 37(a) of the Federal Rules of Civil Procedure, which is the motion now before the Court.

The witness Lee Harr, through his attorneys, has appeared to oppose the motion.

The questions presented on the motion are whether or not in Texas the identity of a confidential news source is protected by a privilege, and secondly whether the naming of the source is of sufficient relevance or materiality to the cases before the Court to justify some impairment of the freedom of press guaranteed by the First Amendment to the Constitution.

A hearing was held on the motion, and it has been stipulated by the parties, and the Court agrees, that the law of Texas controls; that the State of Texas is one of some thirty-seven States that does not have a statute granting a privilege to a news reporter; that no Texas cases have been found on this point; and that no State that does not have such a statute has ever recognized the privilege.

■ Even though no Texas cases on this point have been found, this Court has no reason to believe that Texas would decide the point any differently than it has been decided at common law by other jurisdictions. So at the outset the question of there being privilege on the part of a news reporter to withhold identifying his source of news in Texas must fail.

The Court has been cited to an annotation in 7 A.L.R.3d 591. This annotation was the basis for the stipulation made by the parties at the outset of the hearing as to what the law is in this regard.

Our case is controlled largely in part by the decision in Garland v. Torre, 259 F.2d 545, C.A. 2, 1958, cert. den., 358 U. S. 910, 79 S.Ct. 237, 3 L.Ed.2d 231. There Judy Garland had sued the Columbia Broadcasting Company for defamation. Attached to her complaint was a news column written by one Marie Torre quoting statements made to her by a network executive. Upon the taking of her deposition she refused to give the name of the network executive quoted in her article. She was ordered to answer, and upon her refusal in the presence of the Court, she was held in contempt, and the appeal to the 2nd Circuit followed.

Marie Torre made essentially the same arguments that are being made by Lee Harr in the motion before the Court. First, the constitutional one that such compulsion would encroach upon freedom of the press guaranteed by the First Amendment; secondly, society's interest in assuring a free unrestricted flow of news, and that there was no compelling reason to divulge the source.

Paraphrasing the well-reasoned opinion of the Court in the *Torre* case, the opinion held as follows:

"Freedom of the press, hard-won over the centuries by men of courage, is basic to a free society. But basic too are courts of justice armed with the power to discover truth. The concept that it is the duty of a witness to testify in a court of law has roots fully as deep in our history as does the guarantee of a free press * * * one of the duties which the citizen owes to his government is to support the administration of justice by attending its courts and giving his testimony whenever he is properly summoned * * * Material sacrifice and the invasion of personal privacy are implicit in its performance. The freedom to choose whether to speak or be silent disappears * * * we hold that the Constitution conferred no right to refuse an answer * * *

we find no reason to depart from the precedents, federal and state, refusing to recognize such a privilege in the absence of a statute creating one * * * To recognize the privilege would poorly serve the cause of justice."

Mr. Harr's argument that a revelation of the source will be of no aid to the Plaintiffs in their causes of action before this Court against The Associated Press, is without merit.

Mr. Garrison, of Associated Press, has testified that he inquired who the source was but could not obtain the name of the source from Mr. Harr. He also argues that he depended upon the reliability of Mr. Harr as a reporter.

The Plaintiffs wanted to inquire who the source was, to find out whether or not Mr. Garrison was acquainted with or talked to the so-called source, and also whether the source is such a reliable one that Mr. Harr should have relied on his information, in view of the fact that the number of students that had been expelled was incorrect, and that the son of the Mayor and the daughter of the County Commissioner had in truth and in fact not been expelled for smoking marihuana.

I find from the evidence before me that the taking of the deposition of Mr. Harr is a necessary step in the due and proper preparation for trial by the Plaintiffs.

Finding that there is no privilege in Texas not to divulge the source, and that the divulging of the source is necessary for the Plaintiffs to prepare their cases against the Defendant, The Associated Press, I hereby ORDER the witness, LEE HARR, to answer the question of who his source close to the School Administration was when he wrote the news article in question.

Counsel for the parties will get together at an appropriate time to continue the deposition of Mr. Harr. If

counsel cannot get together on a date for the resumption of the deposition, the Plaintiffs will return to this Court so that the Court may set a date certain.